IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INTERNATIONAL PAINTERS AND ALLIED     *
TRADES INDUSTRY PENSION FUND, ET AL.

                                    *

      PLAINTIFFS,

                                    *

      v.                                 CIVIL ACTION NO.: RDB-11-03281

                                    *

EMPIRE GLASS, PAINT & MIRROR, INC.,
D/B/A EMPIRE GLASS AND MIRROR,     *

      DEFENDANT.                 *

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## MEMORANDUM OPINION

Plaintiffs International Painters and Allied Trades Industry Pension Fund (the "Pension Fund"), Gary J. Meyers, the Political Action Together Fund ("PAT Fund") and Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") (collectively, "Plaintiffs") bring this suit against Empire Glass, Paint & Mirror, Inc., doing business as Empire Glass and Mirror ("Defendant"), for alleged violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1145, 1132(g)(2), in Count I, and breach of contract, in Count II. The Plaintiffs generally allege that during a period in 2008, the Defendant failed to pay amounts it owed pursuant to the terms of a collective bargaining agreement ("CBA") and Trust Agreement. Compl ¶ 25. The Plaintiffs filed the Complaint on November 16, 2011 and, after the Defendants failed to file an answer or otherwise plead,

moved for an entry of default on February 3, 2012.[1]  *See* ECF No. 5.  On February 13, 2012,

the Clerk of the Court entered an Order of Default pursuant to Rule 55 of the Federal Rules

of Civil Procedure.  *See* ECF No. 7.  Pending before this Court is the Plaintiff's Motion for

Default Judgment (ECF No. 6).  Upon review, this Court finds that no hearing is necessary.

Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Plaintiff' Motion for Default

Judgment (ECF No. 8) is GRANTED.

## BACKGROUND

The Plaintiffs allege that the Defendant failed to make contributions required under

ERISA.  Specifically, the Plaintiffs allege that the Defendant employed members of local

labor unions or district councils affiliated with the International Union of Painters and Allied

Trades ("IUPAT") and agreed to abide by a Collective Bargaining Agreement ("CBA") with

IUPAT, as well as an Agreement and Declaration of Trust of the Fund ("Trust Agreement").

Compl. ¶¶ 16–17, ECF No. 1.  The CBA and Trust Agreement established and maintained

the Pension Fund.  *Id.*  The Pension Fund and Meyers are authorized collection fiduciaries

and agents for the International Painters and Allied Trades Industry Pension Plan ("Pension

Plan"); the International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan");

and the Finishing Trades Institute, formerly known as the International Union of Painters

---

[1] This Court notes that the Plaintiffs have sought default judgment in five similar cases against other defendants.  *See Int'l Painters & Allied Trades Indus. Pension Fund v. Metro Glass & Mirror, Inc.*, ELH-11-2389, 2012 WL 893262 (D. Md. Mar. 14, 2012) *report and recommendation adopted,* ELH-11-2389, 2012 WL 1150793 (D. Md. Apr. 4, 2012) (granting default judgment); *Int'l Painters & Allied Trades Indus. Pension Fund v. H.C. Ackerman & Son, Inc.*, CIV. JKB-11-2117, 2012 WL 251963 (D. Md. Jan. 24, 2012) (granting default judgment); *Int'l Painters & Allied Trades Indus. Pension Fund v. Hamilton Commercial Glass, LLC*, CIV. WDQ-11-3452, 2012 WL 2992140 (D. Md. July 19, 2012) (recommending that default judgment be granted); *Int'l Painters & Allied Trades Indus. Pension Fund v. DLC Corp., Inc.*, WDQ-11-1938, 2012 WL 1229491 (D. Md. Apr. 11, 2012) (same); *Int'l Painters & Allied Trades Indus. Pension Fund v. HG Prof'l Painting Inc.*, CIV. WDQ-11-172, 2011 WL 3744123 (D. Md. Aug. 23, 2011) (same).

and Allied Trades Joint Apprenticeship and Training Fund ("FTT"), all of which are "multiemployer plans," "employee benefit plans," and "employee benefit pension plans" as defined by ERISA. *Id.* ¶¶ 5, 8, 9. The Pension Fund and Meyers are also authorized collection fidiciaries and agents for the Political Action Together Fund ("PAT Fund"), which is an unincorporated labor association or fund established pursuant to 29 U.S.C. § 431 *et seq.* *Id.* ¶¶ 8, 10. Last, the Pension Fund and Meyers are authorized collection fidiciaries and agents for the Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), which is an unincorporated employer association established under 29 U.S.C. § 186(c)(9). *Id.* ¶¶ 8, 10, 11.

The Defendant's obligations under the CBA and Trust Agreement were: (1) to make full and timely payment on a monthly basis to the Pension Fund as required by the CBA, Trust Agreement, and plan documents; (2) to file monthly remittance reports with the Pension Fund, detailing all employees or work for which contributions were required; (3) to produce books and records for an audit upon request by the Pension Fund; and (4) to pay "liquidated damages, interest, audit costs, and litigation costs, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the [Defendant]'s failure to comply with its contractual and statutory obligations." Compl. ¶¶ 15–18.

The Plaintiffs allege that during the period from August 1, 2008 through December 31, 2008, the Defendant failed to pay at least $24,146.69 that it owed in contributions for work performed during the period from June 29, 2007 through December 31, 2008. *Id.* ¶ 25; Pls.' Mem. at 21, ECF No. 6–1. Subsequently, the Defendant allegedly neglected to pay at least $9,244.87 that it owed in interest, liquidated damages, and audit costs resulting from its

failure to pay the contributions it owed. Pls.' Mem. at 21. On November 16, 2011, Plaintiffs filed the subject Complaint. After the Defendant failed to file an answer or otherwise respond within 21 days of service, the Plaintiffs moved for an entry of default on February 3, 2012 and for default judgment on February 8, 2012. *See* ECF Nos. 5, 6. The Clerk of the Court entered an Order of Default against the Defendant on February 13, 2012. *See* ECF No. 7. This Court now considers Plaintiff's Motion for Default Judgment (ECF No. 7).

## STANDARD OF REVIEW

Entries of default and default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." If, after entry of default, the Plaintiff's Complaint does not specify a "sum certain" amount of damages, the court may enter a default judgment against the defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure. In considering a motion for default judgment, this Court accepts as true the well-pled factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). However, "liability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998); *see also Ryan*, 253 F.3d at 780–81. Although the United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an

essentially unresponsive party." *S.E.C. v. Lawbaugh*, 11 F.3d 450, 421 (D. Md. 2005).

If the court finds that liability is established, it must then turn to the determination of damages. *See Ryan*, 253 F.3d at 780-81. The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages. *See Lawbaugh*, 359 F. Supp. 2d. at 422. Federal Rule of Civil Procedure 54(c) limits the type and amount of damages that may be entered as a result of a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D. D.C. 2001) (citing *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975). In doing so, "[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g., Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases); *see also* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. Supp. 2010).

## ANALYSIS

In considering the subject Motion for Default Judgment, this Court must (1) determine whether the facts alleged in the Plaintiff's Complaint, taken as true, establish

liability on the part of the Defendant and, if they do, (2) make an independent determination regarding the appropriate award of damages.

## I.   DEFENDANT'S LIABILITY

The Plaintiffs allege two causes of action.  In Count II, the Pension Fund and Meyers (on behalf of the Pension Plan, the Annuity Plan, and FTI), the PAT Fund (on its own behalf), and LMCI (on its own behalf) allege that the Defendant breached the terms of the CBA and the Trust Agreement by failing to make its required contributions during the period of August 1, 2008 to December 31, 2008, and that this breach constitutes a violation of § 185 of the Labor Management Relations Act, 29 U.S.C. § 141, *et seq.* ("LMRA").  The LMRA grants jurisdiction to United States district courts to hear suits for violations of contracts between employers and labor organizations in "industr[ies] affecting commerce." 29 U.S.C. § 185(a).

The Plaintiffs allege that they have standing as intended third-party beneficiaries to bring such an action to enforce the CBA and to seek remedies for its breach.  *See, e.g., Hook v. State of Ariz. Dept. of Corrections*, 972 F.2d 1012, 1014 (9th Cir. 1992) (citing RESTATEMENT (SECOND) OF CONTRACTS: CREATION OF DUTY TO BENEFICIARY § 304 (1981)) ("parties to an agreement have the power to create enforcement rights in non-parties"); *Bd. of Tr. of Chicago Plastering Inst. Pension Trust Fund v. William A. Duguid Company*, 761 F. Supp. 1345, 1348 n. 2 (N.D. Ill. 1991) (holding that beneficiaries of collective bargaining agreements have standing to sue under LMRA).

As the Clerk of the Court has entered default, and the Defendants have failed to respond or enter an appearance, all of the Plaintiffs' allegations, other than those pertaining

to damages, are admitted.  Fed. R. Civ. P. 8(b)(6).  It is "within the court's discretion to grant default judgment when a defendant does not respond or defend its case."  *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (collecting cases).  Accordingly, the well-pled allegations in Plaintiff's Complaint establish liability for breach of the CBA and Trust Agreement.

Additionally, the Pension Fund and Meyers (on behalf of the Pension Plan, the Annuity Plan, and FTI) allege in Count I that the Defendant's breach of the CBA and Trust Agreement also violated § 1145 of ERISA.  According to § 1145, employers must honor any obligations they may have to make contributions to multiemployer plans.  29 U.S.C. § 1145.  The Plaintiffs allege that the Pension Plan, the Annuity Plan, and FTI are "multiemployer plans" within the meaning of ERISA.  As stated above, all of the Plaintiffs' allegations, other than those pertaining to damages, are admitted.  Accordingly, the Defendant's breach of the CBA and Trust Agreement with respect to the Pension Plan, the Annuity Plan, and FTI constitutes a violation of ERISA, and the Plaintiffs' Motion for Default Judgment is GRANTED as to liability.

## II.   DAMAGES

This Court must next undertake an independent determination of the damages to which the Plaintiffs are entitled.  With respect to unpaid contributions, ERISA provides for the following mandatory remedies, which are also provided for by the CBA and the Trust Agreement:

    (1)    Recovery of the unpaid contributions;

    (2)    Interest on the unpaid contributions (at the rate for underpayment of federal income taxes under IRC 6621);

(3)     Liquidated damages equal to the greater of—

    (A)  interest on the unpaid contributions, or
    (B)  20 percent of the unpaid contributions;

(4) reasonable attorney's fees and costs of the action; and

(5) such other legal or equitable relief as the court deems appropriate.

CBA Art. VI §§ 4, 6, ECF No. 1–4; Pension Plan Rules and Regulations Art. 10 § 10.12,

ECF No. 1–5; 29 U.S.C. § 1132(g)(2).[2]  This Court will address each remedy in turn.

### A.   UNPAID CONTRIBUTIONS

To prove their damages, the Plaintiffs rely on the affidavit of Thomas Montemore

("Montemore"), the Assistant to the Fund Administrator of the Pension Fund.  The affidavit

presents the following table showing Montemore's assessment of the amounts the

Defendant owes (not including counsel's requested award of attorneys' fees):

| Fund | Contributions | Interest | Liquidated Damages | Audit Costs | TOTAL |
|------|--------------|----------|--------------------|-------------|-------|
| **Pension Plan** | $10,072.00 | $1,277.09 | $2,014.40 | $886.32 | $14,249.81 |
| **Annuity Plan** | 13,696.99 | 1,732.92 | 2,739.40 | 454.97 | 18,624.28 |
| **LMCI** | 125.90 | 15.94 | 25.18 | 5.47 | 172.49 |
| **FTI** | 125.90 | 15.94 | 25.18 | 5.47 | 172.49 |
| **PAT [Fund]** | 125.90 | 15.94 | 25.18 | 5.47 | 172.49 |
| *Total* | *$24,146.69* | *$3,057.83* | *$4,829.34* | *$1,357.70* | *$33,391.56* |

Montemore Aff. ¶ 9, ECF No. 6–4.  Montemore explains that the amounts listed in the

column labeled "Contributions" relect the amounts that the Defendant owed, but failed to

pay, for work performed during the period from August 1, 2008 through December 31,

2008.  According to Montemore, these numbers are based on an audit that the Pension Fund

---

[2]  The Trust Agreement incorporates by reference the IUPAT Industry Pension Plan, Rules and Regulations.

arranged to occur on or about October 2, 2009 for the period of June 29, 2007 through December 31, 2008.  This Court finds that this evidence is adequate to establish that the Plaintiffs are entitled to collect $24,146.69 in unpaid contributions.

## B.   INTEREST

The CBA and Trust Agreement establish an interest rate equal to the "rate for underpayment of federal income taxes under IRC 6621."  Pension Plan Rules and Regulations Art. 10 § 10.12 (b)(2).  ERISA provides for the accrual of interest at the rate prescribed in the relevant multiemployer plan.  29 U.S.C. § 1132(g)(2).  Plaintiffs are therefore entitled to interest at the rate prescribed in 26 U.S.C. § 6621.  Montemore's affadavit states that the amounts listed in the "Interest" column of the table above were calculated using this rate.  This Court finds that this evidence is adequate to establish that Plaintiffs are entitled to collect $3,057.83 in interest.

## C.   LIQUIDATED DAMAGES

Section 10 of the Plan is identical to § 1132(g)(2) of ERISA in providing for liquidated damages equal to the greater of: (1) accrued interest on unpaid contributions; or (2) 20% of the unpaid contributions.  In this case, the accrued interest on the Defendant's unpaid contributions is less than 20% of the principal.  Plaintiffs have therefore calculated their liquidated damages at 20% of the outstanding contributions, as shown in the "Liquidated Damages" column above.  The Court finds that this evidence is adequate to establish that Plaintiffs are entitled to collect $4,829.34 in liquidated damages.

## D.   ATTORNEYS' FEES AND COSTS

The CBA, Trust Agreement, and ERISA also mandate the award of "reasonable"

attorneys' fees.   Pension Plan Rules and Regulations Art. 10 § 10.12 (b)(4); 29 U.S.C. § 502(g)(2)(D).   The calculation of a reasonable fee award, known as the lodestar award, is reached by multiplying the reasonable hours expended by a reasonable hourly rate.   *See Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008); *see also Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (noting that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award"); Local Rules, Appendix B.

In accordance with Appendix B, counsel for Plaintiffs have submitted an affidavit with an attached timesheet detailing the hours they worked and the costs the incurred in litigating this case.   Counsel Aff., ECF No. 6–8; Expense Detail, ECF No. 6–9.   These documents state that counsel have a special fee schedule with Plaintiffs that includes a $220-per-hour rate for attorneys and a $70-per-hour rate for paralegals and clerks.   Counsel Aff. at 1, 2.   The attached timesheet reflects 18.8 hours of work performed by three attorneys, one paralegal, and two legal assistants, plus costs for filing fees, photocopies, computer research, postal charges, and special delivery, for a total of $4,185.79.   Expense Detail at 1, 2.   In addition, counsel's affadavit produces specific evidence of the relevant prevailing market rates, which are above the amounts for which counsel seek an award.   Counsel Aff. at 2–5. This Court finds that these fees and costs are reasonable.

### E.   EQUITABLE RELIEF

Finally, Plaintiffs are entitled to receive any other legal or equitable relief that the Court deems appropriate.   Plaintiffs have requested such relief in the form of the payment of

$1,357.70 in audit costs.  Pls.' Mem. at 21.  This Court finds that this relief is appropriate because the terms of the CBA and Trust Agreement require Defendant to pay for the costs of an audit when that audit reveals a delinquency, and because the audit was necessary to enable Plaintiffs to determine the precise amounts Defendant owes in unpaid contributions as well as to obtain information about individual participants' benefits eligibility.  Trust Agreement Art. VI § 6; Pension Plan Rules and Regulations Art. 10 §§ 10.07, 10.12; Montemore Aff. ¶¶ 10–11.  As a result, this Court finds that the audit costs are reasonable and awards the plaintiffs $1,357.70 in audit costs.  *See Int'l Painters & Allied Trades Indus. Pension Fund v. Rose City Glass Co., Inc.*, 729 F. Supp. 2d 336, 341 (D.D.C. 2010) (awarding audit costs to the plaintiff pursuant to the parties' agreement); *Int'l Painters & Allied Trades Indus. Pension Fund v. H.C. Ackerman & Son, Inc.*, JKB-11-2117, 2012 WL 251963 at *4 (D. Md. Jan. 24, 2012) (quoting *Flynn v. Mastro Masonry Contractors*, 327 F.Supp.2d 66, 70 (D.D.C. 2002 ("Erisa authorizes the court to provide for other legal or equitable relief as the court deems appropriate.  This relief can include an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records.")).

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Default Judgment (ECF No. 6) is GRANTED.  Plaintiffs are entitled to a judgment in the amount of $33,391.56 and are

AWARDED $4,185.79 in legal fees and costs.

A separate Order follows.

Dated:        August 3, 2012

/s/_____

Richard D. Bennett
United States District Judge